[Cite as *Morris v. Cleveland*, 2026-Ohio-1317.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| HERBERT J. MORRIS | Case No. 2025-00959PQ |
| Requester | Judge Lisa L. Sadler |
| v. | <u>JUDGMENT ENTRY</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} In this public-records case, a special master has issued a report and recommendation (R&R). The special master recommends that the court:

1) Enter judgment for respondent;

2) Order requester to bear the balance of the costs in this case; and

3) Deny any other relief.

{¶2} Under R.C. 2743.75(F)(2), either party may object to the R&R within seven business days of receiving it. Respondent received the R&R on February 23, 2026, and did not file objections. Requester received the R&R on February 20, 2026, and filed objections on February 25, 2026, within the objection period. The certificate of service for this document states that he emailed a copy of the objections to respondent. Pursuant to R.C. 2743.75(F)(2), a party "may object to the [R&R] . . . by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested." It appears that the objections were timely filed, however, in a similar situation, the Tenth District Court of Appeals found this not to be the case.

{¶3} In a decision released on March 24, 2026, the Tenth District Court of Appeals found that because the respondent filed its objections with the Court but did not serve the objections to the requester by certified mail, the respondent failed to timely file objections pursuant to R.C. 2743.75(F)(2). *White v. Ross Corr. Inst., 25AP-800,* ¶ 25-28 (10th Dist. Mar. 24, 2026). The Tenth District went so far as to say that, in *White*, the Court's order

"exceeded its statutory role" because it considered objections that were not properly served under R.C. 2743.75(F)(2).  *White*, ¶ 28.

{¶4} On the authority of *White,* we find that neither party properly filed timely objections in this case.  Therefore, pursuant to R.C. 2743.75(F)(2), the Court is required to "promptly issue a final order adopting the report and recommendation, unless it determines that there is an error of law or other defect evident on the face of the report and recommendation."  Upon review, the court finds that there is no error of law or other defect evident on the face of the report and recommendation.  The court adopts the report and recommendation.

{¶5} In accordance with the special master's recommendations, the court:

1) Enters judgment for respondent;

2) Assesses court costs against requester; and

3) Denies all other relief.

{¶6} The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

LISA L. SADLER
Judge

**Filed March 31, 2026**
**Sent to S.C. Reporter 4/13/26**